IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL CODY MCDONALD,

Defendant.

4:21-CR-3126

REVISED
TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for downward departure or variance. Filing 58.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)    impose upon the United States the burden of proof on all Guidelines enhancements;

(d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendant has filed a motion for downward departure or variance. Filing 58. A defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993).

First, the defendant argues for a downward departure on the basis of age. Age may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. U.S.S.G. 5H1.1. For instance, age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. *Id*.

The defendant argues that he is 39 years old and facing a lengthy sentence of imprisonment, so he may be in his mid-fifties upon release and less likely to reoffend. Filing 59 at 1. He argues for a departure based on overstated criminal history using the same reasoning. *See id.* (citing U.S.S.G. § 4A1.3(c)(2)). The Court, however, is skeptical that a middle-aged man, likely to be released from prison as an older but still middle-aged man, is the sort of offender for whom a departure based on age was contemplated. The Court has sentenced many defendants in their late 30s, and many in their mid-50s. The Court isn't persuaded that the defendant's age takes this case outside the "heartland" of typical cases to which the guidelines were meant to apply. *See Koon v. United States,* 518 U.S. 81, 94 (1996).

The defendant also argues for a departure based on his physical condition, alleging ongoing effects from a 2020 car crash. Filing 59 at 2. Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. U.S.S.G. 5H1.4. An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment. *Id.*

But departure based on a physical condition is a discouraged ground on which to depart and should be limited to exceptional circumstances. *United States v. Dailey,* 958 F.3d 742, 746 (8th Cir. 2020). There are three relevant considerations:

> (1) whether the physical condition of the defendant makes it
> so imprisonment would be more than a normal hardship; (2)
> whether imprisonment would subject the defendant to more
> than normal danger or inconvenience; specifically whether
> imprisonment would worsen the defendant's condition and
> whether the defendant requires special care the Bureau of
> Prisons does not provide; and (3) whether the defendant's
> physical condition has any present effect on his or her ability
> to function.

*Id*. The defendant suggests that his physical condition "will make incarceration substantially harder than for a healthy person." Filing 59 at 2. The Court will resolve that question at sentencing.

Finally, the defendant argues for a variance based on his personal circumstances and the circumstances of the offense, including those described above. The Court will resolve that at sentencing.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of February, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge