IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CODY MCDONALD,<br><br>Defendant. | 4:21-CR-3126<br><br>SECOND REVISED<br>TENTATIVE FINDINGS |

The Court has received the second revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has a pending motion for departure or variance. Filing 58.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators; and

(e)     vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendant has filed a motion for departure or variance. Filing 58.

A motion for departure, based on the defendant's personal characteristics, was appropriate when it was filed in 2023. But in 2025, the Sentencing Commission amended the Guidelines Manual to remove departures and policy statements relating to specific personal characteristics. *See* U.S.S.G. ch. 1, pt. A, intro. cmt.; U.S.S.G. app C., amend. 836. And unless it would violate the *ex post facto* clause of the Constitution, the Court uses the Guidelines Manual in effect on the date that the defendant is sentenced.[1] U.S.S.G. § 1B1.11(a) and (b)(1).

---

[1] Although there is no objection to the presentence report, the Court has carefully reviewed the calculation of the sentencing guidelines range for consistency with the 2025 Guidelines Manual. The Court notes that the defendant's total criminal history score should be 28, rather than 29, as a result of the 2023 amendment to calculation of "status points" pursuant to U.S.S.G. § 4A1.1. *See* U.S.S.G. app. C, amend. 821. But the defendant remains in criminal history category VI regardless. *See* U.S.S.G. § ch. 5, pt. A.

There is no *ex post facto* problem with the removal of departures. The 2025 amendments to the Guidelines Manual were "envisioned and framed" as "outcome neutral," and the rationale for removing departures from the Guidelines Manual was the Sentencing Commission's recognition that "judges who would have relied upon facts previously identified as a basis for a departure would continue to have the authority to rely upon such facts to impose a sentence outside of the applicable guideline range as a variance under 18 U.S.C. § 3553(a)." U.S.S.G. ch. 1, pt. A, intro. cmt.

Accordingly, the Court will deny the defendant's motion for departure. But the specific characteristics relied upon to support the defendant's motion—his age, allegedly overstated criminal history, and physical condition, *see* filing 59 at 1-2—will be considered by the Court along with any other relevant circumstances in determining whether to vary from the advisory Guidelines. The Court will resolve the defendant's motion for a downward variance at sentencing.

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge